IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROLE EALONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 03-J-2408-S |
| | ) | |
| BELLSOUTH CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Currently pending before the court is defendants' motion to dismiss (doc. 7) and plaintiff's response in opposition to said motion (doc. 9). This motion was further considered by the court at its October 16, 2003 motion docket at which time all parties were present by and through counsel and the court heard oral argument on said motion. Having considered said motion and argument, the court is of the opinion that the motion to dismiss is due to be **granted in part and denied in part**.

### I. Background

Plaintiff, Carole Ealons ("Ealons"), was an employee of BellSouth from 1977 until 2002. In 2002, plaintiff resigned from BellSouth pursuant to a voluntary severance package. Plaintiff's last position with BellSouth was that of Executive

Assistant to William Reid ("Reid"), Vice President of the Network and Customer Services Division. During this time, Cindy Byerley ("Byerley") was employed as a Manager in Network and Customer Services. Plaintiff alleges that Reid "was attempting, through a number of schemes, to violate company policy as well as federal and state law" by discriminating on the basis of race; that Reid demanded her assistance but she refused; and that Reid retaliated against her. Plaintiff further alleges that Reid and Byerley withheld information from her regarding the voluntary severance package which would have affected her decision to accept the package and terminate her employment with BellSouth.

## II. Legal Analysis

Defendants base their motion to dismiss on a release plaintiff executed as part of her voluntary severance package. Alternatively, defendants assert that the complaint fails to state a claim upon which relief can be granted. The relevant language of the release executed by the plaintiff is as follows:

> I hereby fully waive, discharge, and release any and all claims of whatever nature, known or unknown, except claims under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621, et seq., ("ADEA"), that I may have against BellSouth Corporation, its subsidiaries and affiliated companies, and in the case of all such entities, their respective owners, representatives, officers, directors, attorneys, agents, employees, successors

2

and assigns (hereinafter collectively referred to as "BellSouth") as a result of actions or omissions occurring through this date, subject to the provisions set forth below. Specifically included in this waiver and release are any and all claims of alleged employment discrimination, either as a result of my separation of employment from the Company or otherwise, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, <u>et seq.</u>, the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, <u>et seq.</u>, and any and all claims under any other federal, state, or local statute, regulation or common law.

Release, Exhibit 1 to Defendants' Motion. Plaintiff makes the following claims: (1) discrimination in violation of 42 U.S.C. § 1981; (2) pattern of racketeering activity in violation of RICO, 18 U.S.C. § 1962(c); (3) fraudulent suppression; (4) outrage; (5) misrepresentation; (6) fraudulent deceit; and (7) violation of the Alabama Age Discrimination in Employment Act ("AADEA"). The language of the release set out above is broad enough to cover all of plaintiff's claims. Thus, if the plaintiff is bound by the release, then the plaintiff's claims should be dismissed. However, plaintiff argues that the release is invalid because she alleges it was procured by fraud.

The Eleventh Circuit has held that an employee is bound by a release of section 1981 rights executed knowingly and voluntarily. *See Puentes v. United Parcel Serv., Inc.*, 86 F.3d 196, 198 (11th Cir. 1996). Courts consider the totality of the

3

circumstances when determining whether a release was knowingly and voluntarily executed. *Id*. The following factors may be useful:

> the plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

*Id*. (quoting *Beadle v. City of Tampa*, 42 F.3d 633, 635 (11th Cir.), *cert. denied*, 115 S.Ct. 2600 (1995)). Allegations of fraud are to be considered as well when examining the totality of the circumstances. *See Griffin v. Kraft Gen. Foods, Inc.*, 62 F.3d 368 (11th Cir. 1995) (waiver of ADEA rights).

Plaintiff claims that Reid and Byerley failed to let her know that she was no longer subject to involuntary termination prior to her execution of the release. There are two cases in which the Eleventh Circuit has previously considered whether an allegation of fraud might invalidate a release of Age Discrimination in Employment Act ("ADEA") rights. While ADEA rights are not at issue in this case, these cases are still helpful in that the test for the release of ADEA rights is similar to the federal common law test for the release of section 1981 rights. *Compare Puentes*, 86 F.3d at 198 *with* 29 U.S.C. § 626(f). In *Griffin v. Kraft General Foods, Inc.*, 62 F.3d 368 (11th

Cir. 1995), the Eleventh Circuit held that "nonstatutory circumstances, such as fraud, duress, or coercion in connection with the execution of the waiver, may render an ADEA waiver not 'knowing and voluntary.'" 62 F.3d at 373-74. The court reasoned that consideration of the totality of the circumstances included consideration of all circumstances even if not specifically addressed by the statute. *Id.* Then, in *Lauderdale v. Johnston Industries, Inc.*, No. 01-12835 (11th Cir. filed Feb. 7, 2002) (unpublished opinion), the Eleventh Circuit reversed the district court's decision that a release of ADEA rights was not invalid due to fraud as alleged by the plaintiff. In *Lauderdale*, the court relied on its earlier decision in *Griffin* to hold that the release was not signed knowingly or voluntarily based on sufficient evidence of the elements of fraudulent misrepresentation to survive a motion for summary judgment. *Lauderdale v. Johnston Indus., Inc.*, No. 01-12835, at 4-5 (11th Cir. filed Feb. 7, 2002). Both *Griffin* and *Lauderdale* were decided on motions for summary judgment. The court in this case is deciding a motion to dismiss. While the outcome may differ on a motion for summary judgment, taking the plaintiff's allegations as true, the release is not a valid waiver of her section 1981 rights based on the plaintiff's allegations of fraud.[1]

---

[1] Defendants also argue that even in the presence of fraud allegations the release was ratified and, thus, plaintiff is unable to avoid it. However, the Eleventh Circuit has held "as a matter of federal law, ADEA plaintiffs are not required to tender the consideration received for

5

Alternatively, defendants argue that plaintiff's claims are due to be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has abandoned count IV (her outrage claim) and, thus, this claim is due to be dismissed. *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir. 2003); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001).

As for her fraud claims,[2] plaintiff alleges fraudulent suppression (count III), misrepresentation (count V) and fraudulent deceit (count VI). Based on an examination of her allegations, the court concludes that the plaintiff has failed to adequately allege a claim of misrepresentation. Plaintiff has failed to allege that a false representation was made by any defendant. Therefore, count V is due to be dismissed for failure to state a claim upon which relief may be granted. Counts III and VI essentially assert the same claim and plaintiff appears to have sufficiently alleged

---

releases as a condition prerequisite to challenging those releases in court." *Forbus v. Sears Roebuck & Co.*, 958 F.2d 1036, 1041 (11th Cir. 1992). The reasoning of the court in *Forbus* would be applicable in the section 1981 context as well. Moreover, the Supreme Court has pointed out that "in equity, a person suing to rescind a contract, as a rule, is not required to restore the consideration at the very outset of the litigation." *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426 (1998).

    [2] The court considers whether plaintiff's fraud claims should be dismissed for failure to state a claim upon which relief may be granted. Defendants also argue that plaintiff's fraud claims must fail due to her employment at will status. However, the Eleventh Circuit has held that the employee at will doctrine does not control claims of fraud where the defendant did not terminate the plaintiff. *See Forbus v. Sears Roebuck & Co.*, 958 F.2d 1036, 1041-42 (11th Cir. 1992) (plaintiffs alleging fraud surrounding voluntary severance package).

concealment to survive a motion to dismiss.[3]

Based on an examination of her allegations, the court concludes that the plaintiff has sufficiently alleged discrimination in violation of section 1981 (count I) to survive dismissal at this stage of the proceedings.

Count II asserts a RICO claim based on mail fraud. "To satisfy the crucial 'pattern of racketeering activity' requirement, plaintiffs must allege that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts are related to one another; and (3) the predicate acts demonstrate a continuing nature of criminal conduct." *Jackson v. BellSouth Telecomms., Inc.*, 181 F. Supp. 2d 1345, 1357 (S.D. Fla. 2001). Defendants argue that the plaintiff has not sufficiently alleged continuity. Continuity can be shown through actual continuity for a substantial time period or a threat of continuity (threat of future acts or part of regular way of doing business). *See Jackson*, 181 F. Supp. 2d at 1358-60. The predicate acts alleged only cover a six month period at most, which is not a "substantial" period of time. *See Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm.*, 953 F.2d 587, 593 (11th Cir. 1992). Further, the plaintiff has failed to allege a threat of continuity. The court concludes that the plaintiff has not alleged facts

---

[3] Plaintiff's vague allegations of fraud do not satisfy Rule 9(b). The court's separate order entered in accordance with this memorandum opinion addresses this inadequacy.

which would support any form of continuity. Therefore, plaintiff's RICO claim is due to be dismissed.

Finally, plaintiff alleges age discrimination under the Alabama Age Discrimination in Employment Act ("AADEA"). Age Discrimination in Employment Act ("ADEA") principles have been held to govern AADEA claims. *Dooley v. AutoNation USA Corp.*, 218 F. Supp. 2d 1270, 1277 (N.D. Ala. 2002). In an ADEA case involving a reduction in force a plaintiff must demonstrate the following in order to establish a *prima facie* case: "(1) that [s]he was in a protected age group and was adversely affected by an employment decision, (2) that [s]he was qualified for [her] current position or to assume another position at the time of discharge, and (3) evidence by which a fact finder reasonably could conclude that the employer intended to discriminate on the basis of age in reaching that decision." *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1208 (11th Cir. 1997). Plaintiff has not alleged any fact to indicate that age was a factor in her alleged constructive discharge. Rather, plaintiff's complaint focuses on race as a motivating factor and merely makes a conclusory allegation with respect to age discrimination. The court concludes that the plaintiff has failed to state a claim under the AADEA. Thus, plaintiff's AADEA claim (count VII) is due to be dismissed.

## III. Conclusion

Based upon the foregoing, defendants' motion to dismiss plaintiff's claims (doc. 7) is **GRANTED IN PART** (as to counts II, IV, V, VII) **AND DENIED IN PART** (as to counts I, III, VI). Plaintiff's claims of a pattern of racketeering activity in violation of RICO, 18 U.S.C. § 1962(c), outrage, misrepresentation, and violation of the AADEA against the defendants shall be **DISMISSED WITH PREJUDICE** by separate order.

**DONE** and **ORDERED** this the  29  day of October, 2003.

Inge P. Johnson
U.S. District Judge